CHARLES S. FRIZELLE, Respondent, v. KAW VALLEY PAINT AND OIL COMPANY, Appellant.

Kansas City Court of Appeals, February 8, 1887.

PRACTICE—INSTRUCTIONS—WHERE ERROR, IF ANY, IS HARMLESS—CASE ADJUDGED.—Where the court refused to instruct the jury, that three items, controverted by defendant, should not be allowed against it ; and the jury nevertheless did not allow said items against it, but deducted it from the part of plaintiff's claim which was admitted ; the error of the court, if any, was harmless, as the defendant could not have been injured by the refusal of the instruction.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Affirmed.*

Statement of case by the court.

This was an action, on account, for a balance of three hundred and ninety-three and thirty-seven one hundredths dollars.

The plaintiff, under a verbal contract with the defendant, as a traveling salesman, traveled for the defend-

ant in Texas for the months of January, February, March, April, May, June, July, and August, 1885. The contract began and took effect on January 1, but the plaintiff did not begin work until the fifth or sixth of that month. From the time of beginning work until September 1, at which time he quit work, the plaintiff was traveling for the defendant. During the time mentioned the defendant paid to the plaintiff various sums of money amounting in the aggregate to $1,803.48. For the entire sum so paid to him the plaintiff accounted to the defendant's satisfaction, except in the respect to be now mentioned.

The defendant, under the agreement with plaintiff, was to pay his traveling expenses. The plaintiff claimed a credit for the sum of $1,396.85 paid out by him for traveling expenses. Included in said sum the plaintiff admitted there were these three items : three dollars per week for washing while traveling, fifty dollars contributed to a lumbermen's convention in San Antonio, and fifteen dollars for entertaining customers.

The sole question in the case was, was the plaintiff entitled to credit for said three items. The defendant computed the first item to amount to one hundred and eight dollars, on the basis of three dollars per week for thirty-six weeks. The aggregate amount of the three items according to such computation was one hundred and seventy-three dollars.

The defendant asked, but the court refused to instruct the jury that the plaintiff was not entitled to credit for said items.

The court submitted the question to the jury as to whether a uniform custom prevailed among the business community to charge and allow for such expenditures as those included in said items as traveling expenses.

The amount claimed by plaintiff was $393.37. The jury found in favor of plaintiff a verdict for the sum of two hundred and twenty-five dollars.

BRYANT & HOLMES, for the appellant.

I.   The real question in this case arises on the action of the court in reference to the fourth instruction asked by the defendant.

II.   The contract sued on being unambiguous, it was not competent to control its meaning by evidence of any custom, however general.   But, in this case, the evidence was wholly insufficient to establish any custom whatever.   Neither laundry bills, nor such expenditures as entertaining customers and attending a convention of lumbermen can be allowed as traveling expenses.   It is very difficult to understand what connection a lumbermen's convention can have with the paint and oil business in which defendant was engaged.  There was no evidence to warrant the modification of the fourth instruction, and the court clearly erred in not instructing the jury as asked by defendant, and its judgment should be reversed. *Kimball v. Brauner*, 47 Mo. 398.   [The *fourth* instruction, *as asked*, was as follows:   "The court instructs the jury that under the contract sued on, plaintiff is not entitled to credit for money expended in attending a lumbermen's convention, nor in entertaining customers, nor for his washing."   And, *as modified*, was as follows:   "The court instructs the jury that under the contract sued on, plaintiff is not entitled to credit for money expended in attending a lumbermen's convention, nor in entertaining customers, nor for his washing, unless you should believe from the evidence that a general uniform custom prevails among the business community to charge and allow for such expenditures as traveling expenses, and the burden is on the plaintiff to establish such custom by a preponderence of evidence."]

LATHROP & SMITH, for the respondent.

I.   The court did not err in refusing defendant's instruction number four.   There was no such issue made

or tendered by the pleadings. If there had been such an issue, the instructions assumed the truth of a controverted fact which belongs to the jury to decide. *Gordon v. Madden*, 82 Mo. 193-4; *Compton v. Johnson*, 19 Mo. App. 88, 92, 93. There was evidence to warrant the modification. The contract was ambiguous in this, that it used an ordinary phrase in a peculiar sense. It was, therefore, competent to interpret the meaning of the phrase by men familiar with it in the sense used here. This was proper outside of any question of *custom*. The distinction is that between *interpreting* and construing a contract. Parsons on Cont. [6 Ed.] 491, note *a; Eaton v. Smith*, 20 Pick. (Mass.) 150; *Brown v. Orland*, 36 Maine, 370; *Burnham v. Allen*, 1 Gray (Mass.) 406.

II. If, however, defendant's instruction numbered *four*, as modified and given, were error, it was a harmless error. The verdict returned is the exact verdict to which plaintiff would have been entitled, if, for the sake of argument, we grant that said modified instruction was wrong, and that it should have been given unmodified as requested, because the verdict rendered is less than the amount sued for, by the aggregate of these three very items which appellant asked to have disallowed in said instruction, in its unmodified form, and these items alone constitute the controversy which brings this case to this court. The verdict, therefore, should not be disturbed. Rev. Stat., 1879, p. 3569; *Nance v. Metcalf*, 19 Mo. App. 183, 190, 191; *Gaty v. Sack*, 19 Mo. App. 470, 472; *Wright v. McPike*, 70 Mo. 176, 180, 181; *State v. Hopper*, 71 Mo. 425, 430; *Bradford v. Floyd*, 80 Mo. 207, 209; *Noble v. Blount*, 77 Mo. 235, 239, and cases cited; *Morris v. Railroad*, 79 Mo. 367, 370.

III. The verdict given was absolutely warranted by the evidence, and should not be disturbed for error in instructions. *Blewitt v. Railroad*, 72 Mo. 583, 584.

IV. Where the verdict is proper upon all the evidence, even the improper admission of evidence will not

entitle the defeated party to reversal. Reference to the record, however, shows that the evidence of Lewis and Denton was ruled out. *State v. Hopper*, 71 Mo. 429.

HALL, J.—The only question presented for our consideration is as to the action of the circuit court in refusing to instruct the jury not to accord the plaintiff a credit for the three items mentioned in the foregoing statement of facts.

This question we do not deem it necessary to decide, for the reason that the defendant could not have been injured by the action of the court in the respect named; because, it is plain that the jury did not allow the plaintiff any credit for said items: the jury did what the defendant asked the court to tell them to do.

It was conceded by the defendant that the plaintiff was entitled to the amount sued for, viz: $393.37, less the aggregate sum of the three items. That sum, it was claimed by defendant, was one hundred and seventy-three dollars; and, therefore, according to defendant's position, the plaintiff should have had judgment for $393.37 less one hundred and seventy-three dollars. The jury gave him a verdict for $393.37, less $168.37, to-wit, two hundred and twenty-five dollars.

It seems clear that the jury deducted the amount of the three items as computed by them from the amount claimed by the plaintiff. The defendant's computation was made on the basis that there were thirty-six weeks in the first eight months of the year 1885. There were not that number of full weeks, the number was thirty-four and a fraction. Besides, the plaintiff charged for washing while he was traveling, and he did not begin to travel until the fifth or sixth of January. If the jury computed the item charged for washing on the basis indicated, the result reached by them was almost exact. But even if we should admit the correctness of the defendant's computation and the incorrectness of that made by the jury, the judgment should not be reversed

for that reason. The error, if such there be, is not an error induced by the action of the court in refusing the instruction asked by the defendant, but is an error in computation made by the jury for the purpose of doing that which the defendant asked the court to instruct them to do. No complaint is made by the defendant on account of mistake made by the jury in figuring on the amount of the item charged for washing, and hence no mistake of that sort will be considered by us. It is clear that, although the court did not instruct the jury to not allow the plaintiff credit for the items named, the jury did not allow the plaintiff any such credit, and that, therefore, no harm was done by the action of the court.

In our opinion the judgment is correct and ought to be affirmed. It is so ordered. All concur.